CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 17 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| RUDEAN THOMAS, | ) |
| | ) Civil Action No. 4:10-cv-00060 |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| WELLS FARGO BANK, N.A., et al., | ) |
| | ) By: Samuel G. Wilson |
| Defendants. | ) United States District Judge |

This is an action by plaintiff, Rudean Thomas, acting *pro se*, against defendants Wells Fargo Bank, N.A ("Wells Fargo"), Ocwen Loan Servicing, LLC ("Ocwen"), Professional Foreclosure Corporation of Virginia ("Professional Foreclosure"), and Shapiro and Burson, LLP ("Shapiro and Burson"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), breach of contract, breach of fiduciary duty, and a variety of equitable claims.[1] This matter is currently before the court on the defendants' motions to dismiss Thomas' amended complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6). The court finds that Thomas' amended complaint fails to plausibly allege, as required by Rule 8, that Thomas is entitled to relief on any of her claims, and therefore dismisses her complaint without prejudice.

I.

The following facts alleged in Thomas' amended complaint and exhibits are taken as true for the purposes of determining the complaint's adequacy. In 1996, Thomas obtained a loan from Delta Funding Corporation ("Delta") to secure a deed of trust to purchase a house in Virgilina, Virginia, which she refinanced through another loan and deed of trust in 1997. In May

---
[1] The court has jurisdiction to hear these claims under 28 U.S.C. §§ 1331 & 1367.

2001, Delta transferred its rights and duties under the note and deed of trust to Ocwen. Thomas alleges that Wells Fargo is a successor in interest to Delta.

Thomas experienced difficulty making her loan payments to Ocwen over the years, and Ocwen began foreclosure proceedings on Thomas' property a number of times between 2001 and 2008. During this period, Thomas and Ocwen entered into multiple forbearance agreements allowing Thomas to keep her home despite her delinquencies. In 2008, Thomas once again faced the threat of foreclosure proceedings due to her failure to make payments. In May of that year, Ocwen offered Thomas a loan modification, which Thomas rejected because she viewed it as excessively "one sided in nature." (Am. Compl. ¶ 28.) Ocwen began foreclosure proceedings again on November 12, 2008, as Thomas was twenty-two payments delinquent at that time. On August 28, 2009, Thomas was notified that her home would be sold at a foreclosure sale on September 15, 2009. That sale took place as planned. Professional Foreclosure was the substitute trustee at the foreclosure sale, acting through its counsel, Shapiro and Burson.

Thomas filed this complaint in the Halifax County Circuit Court on August 27, 2010.[2] The defendants removed the action on November 23, 2010. On November 30, 2010, Thomas filed an amended complaint against the defendants, alleging violations of the FDCPA, breach of contract, unjust enrichment, and breach of fiduciary duty, and also argued that the foreclosure sale should be set aside based on unclean hands and equitable estoppel.

## II.

Thomas' amended complaint alleges that Ocwen, Professional Foreclosure, and Shapiro and Burson violated the FDCPA by "engaging in harassing and abusive conduct and unfair

---

[2] There is some confusion as to when exactly Thomas filed her complaint. Thomas' complaint is dated August 27, 2010, and appears to have been received by the state court on that date. The defendants contend that Thomas did not file until October 25, 2010. However, the October date appears to be when Thomas finally served the complaint on the defendants, not the filing date.

2

practices by assessing fees, including attorney fees, [and by] handling the foreclosure proceedings." (Am. Compl. ¶ 76.) Thomas also alleges that the defendants violated the FDCPA by "not reporting payments that were made in a timely manner." (Id. ¶ 78.) The court finds that Thomas has failed to set forth a plausible claim for relief, and therefore grants the defendants' motions to dismiss.

To survive a Rule 12(b)(6) motion, the pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (citation omitted). Courts must liberally construe *pro se* complaints, Erickson v. Pardue, 551 U.S. 89, 94 (2007), and accept the claimant's factual allegations as true. Hemi Group, LLC v. City of N.Y., 130 S. Ct. 983, 986–87 (2010). However, this tenet is "inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Thomas has failed to plausibly support her FDCPA claims with any factual allegations that the defendants committed any wrongdoing. Thomas alleges that the defendants "engag[ed] in harassing and abusive conduct and unfair practices by assessing fees, including attorney fees, [and by] handling the foreclosure proceedings . . ." (Am. Compl. ¶ 76.) Nothing in the FDCPA prohibits the defendants from handling foreclosure proceedings generally, and the FDCPA allows a creditor to assess fees that are authorized by the agreement creating the debt, 15 U.S.C. § 1692f(1), which the promissory notes Thomas attached to her amended complaint specifically authorize. Thomas' allegations that the defendants engaged in "harassing," "abusive," and "unfair practices," without more, constitute mere legal conclusions that are not sufficient to withstand a motion to dismiss under Rule 12(b)(6) and Iqbal. Further, Thomas' remaining complaint, that she did not receive a satisfactory response to her 2004 request for more

information about the loans, is undercut by the very documents that Thomas attached to her amended complaint, which show that Thomas did receive responses to those requests. (See Am. Compl. Ex. #5.) In any event, the FDCPA's one year statute of limitations has long since run on any instances of alleged misconduct that occurred in 2004. See 15 U.S.C. § 1692k; see also The Cancer Found., Inc. v. Cerberus Capital Mgmt., 559 F.3d 671, 674-75 (7th Cir. 2009) ("[D]ismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness.")

Because Thomas has failed to plausibly allege that defendants Ocwen, Professional Foreclosure, or Shapiro and Burson have violated the FDCPA, the court grants their motions to dismiss.

### III.

Counts II and III of Thomas' amended complaint seek to set aside the foreclosure sale and writ of possession based on the doctrines of equitable estoppel and unclean hands. However, these doctrines constitute affirmative defenses and not causes of action. See Parker v. Westat, Inc., 301 F. Supp. 2d 537, 544 (E.D. Va. 2004). In any event, the court finds that Thomas' has provided no factual allegations to support these claims, (see Am. Compl. ¶¶ 85, 93 (merely alleging that the foreclosure was the result of the defendant's "unclean hands" and "misrepresentations"),) and therefore the court grants the defendants' motions to dismiss on this basis as well. See Iqbal, 129 S. Ct. at 1949 ("[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks omitted)).

### IV.

Wells Fargo and Ocwen have moved to dismiss Thomas' breach of contract and unjust enrichment claims. Essentially, Thomas claims that Wells Fargo and Ocwen had a contractual

4

duty to allow her to modify her loan on terms she deemed acceptable, and that because the original loan agreements were not "valid and fair contracts," it would constitute unjust enrichment to allow them to retain payments that Thomas made under those contracts. Thomas' complaint fails to adequately support her claims on these points. Thomas has not identified any specific provision in the loan agreements that would allow her to compel the defendants to renegotiate the loan on terms favorable to her, and Virginia law certainly does not impose such a duty on the defendants. See Wachovia Bank, Nat. Ass'n v. Preston Lake Homes, LLC, 750 F. Supp. 2d 682, 687-88 (W.D. Va. 2010) (finding Virginia law does not impose a general contractual duty on lenders to exercise good faith in deciding whether to renegotiate or modify loan agreements at the borrower's request). Similarly, because an express, enforceable contract existed between the parties, Thomas cannot bring an unjust enrichment claim against the defendants for merely exercising their rights under that contract. See, e.g., Royer v. Bd. of Cnty. Supervisors of Albermarle Cnty., 176 Va. 268, 280 (1940) ("[W]here there is an express and enforceable contract in existence which governs the rights of the parties, the law will not imply a contract in contravention thereof.") For these reasons, the court grants the defendants' motions to dismiss Thomas' breach of contract and unjust enrichment claims.

V.

As her final claim, Thomas contends that Professional Foreclosure, acting as the substitute trustee at the foreclosure sale, breached a fiduciary duty by conducting the sale when Thomas' loan was not in default, and by failing to verify that the note holder was properly authenticated. The attachments to Thomas' amended complaint undermine this claim: those attachments show that Thomas was twenty-two payments delinquent at the time Ocwen filed for

5

foreclosure on November 12, 2008. (Am. Compl. Ex. #10.) Further, Virginia Code § 55-59.1 provides that:

> If a note or other evidence of indebtedness secured by a deed of trust is lost or for any reason cannot be produced and the beneficiary submits to the trustee an affidavit to that effect, the trustee may nonetheless proceed to sale, provided the beneficiary has given written notice to the person required to pay the instrument that the instrument is unavailable and a request for sale will be made of the trustee upon expiration of 14 days from the date of mailing of the notice.

Va. Code § 55-59.1(B). Thomas received such a notice in this case. (Am. Compl. Ex. #13(b).) Thus, not only has Thomas failed to allege facts that plausibly show that she is entitled to relief on this claim, what evidence she has marshaled undercuts that very claim. Accordingly, the court grants Professional Foreclosure's motion to dismiss this claim.

## VI.

For the reasons set forth above, the court grants the defendants' motions to dismiss Thomas' amended complaint without prejudice.

**ENTER**: May 17, 2011.

_____
UNITED STATES DISTRICT JUDGE